UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARCUS CUNNINGHAM, an individual, | No. 2:25-cv-01036-JAM-SCR |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| COLUMBIA STATE BANK, a Washington limited liability company; UMPQUA BANK, an Oregon limited liability company; CHIVVAS CARLSON, an individual; and DOES 1-10, inclusive, | |
| Defendants. | |

Before the Court is Marcus Cunningham's ("Plaintiff") motion to remand. See Mot., ECF No. 7. Columbia State Bank, Umpqua Bank, and Chivvis Carlson (collectively, "Defendants") oppose. See Opp'n, ECF No. 12. Plaintiff replied, though he failed to comply with the Court's order regarding the length of his brief. See Reply, ECF No. 13; Order re Filing Requirements at 1, ECF No. 3-2. For the following reasons, Plaintiff's motion is granted.[1]

   I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This controversy arises out of Plaintiff's employment and subsequent termination by Defendants. Compl. ¶¶ 9, 65, ECF No.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 17, 2025.

1

1  7-2.  Plaintiff alleges he made complaints about a coworker's
2  noncompliance with bank policy and a separate coworker's racist
3  remarks.  Id. ¶¶ 14-18, 27-33.  Instead of having his complaints
4  taken seriously, Plaintiff pleads that he was retaliated against
5  and terminated.  Id. ¶ 65.  In his complaint, Plaintiff brings
6  seven causes of action: (1) discrimination in violation of
7  California's Fair Employment and Housing Act ("FEHA");
8  (2) harassment in violation of FEHA; (3) retaliation in violation
9  of FEHA; (4) failure to prevent discrimination and retaliation;
10  (5) whistleblower retaliation; (6) wrongful termination in
11  violation of public policy; and (7) defamation.  Id. ¶¶ 67-118.
12      Plaintiff originally filed suit in the Superior Court of
13  California, County of Sacramento.  Notice of Removal, ECF No. 1.
14  Defendants timely removed the case to federal court under
15  diversity jurisdiction.  Id.  Plaintiff is purportedly a citizen
16  of California, and while Defendants concede Carlson is also a
17  citizen of California, they argue she was fraudulently joined and
18  therefore should not be considered for purposes of establishing
19  diversity jurisdiction.  Id. at 4-5.  After removal, Defendants
20  moved to dismiss all causes of action for failure to state a
21  claim.  Motion to Dismiss, ECF No. 4.  Defendants' motion is
22  still pending before this Court.
23     Plaintiff now moves to remand this action to state court,
24  arguing that Carlson was not fraudulently joined because he has
25  properly alleged claims against Carlson for harassment,
26  whistleblower retaliation, and defamation (the Second, Fifth, and
27  Seventh Causes of Action, respectively).  Mot. at 4-8.
28  Defendants disagree, contending that Plaintiff cannot sustain any

claim against Carlson.  Opp'n at 4-11.

## II.  OPINION

### A. Legal Standard

Under 28 U.S.C. Section 1441, a defendant may remove a civil action from state to federal court if there exists original jurisdiction. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Courts strictly construe the removal statute against removal and federal jurisdiction must be rejected if there is any doubt as to the right of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The party removing a case to federal court "has the burden to prove, by a preponderance of the evidence, that removal is proper." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010).

### B. Diversity Jurisdiction

A court may exercise diversity jurisdiction over a matter when the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. See 28 U.S.C. § 1332(a).  For diversity purposes, a person is a citizen of a state if he or she is: (1) a citizen of the United States and (2) domiciled in that state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  An LLC is a citizen of the state of which its owners or members are citizens. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  "In determining whether a civil action is removable

3

on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Regarding the amount in controversy, Plaintiff did not plead an amount of damages. Because Defendants provide a plausible allegation that the amount in controversy is sufficient, and because Plaintiff does not contest this allegation, the Court accepts Defendants' allegation as true for purposes of this motion. See Notice of Removal at 5-7; Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).

This dispute boils down to whether there is complete diversity of citizenship. Plaintiff and Defendants agree on the following: Plaintiff is a citizen of California, Columbia State Bank resides in Washington, Umpqua Bank resides in Oregon, and Carlson is a citizen of California. See Compl. ¶¶ 1-4; Notice of Removal at 3-4. They disagree, however, on whether Carlson was fraudulently joined.

      1.    Applicable Law

The Ninth Circuit held, "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. Further, the defendant is entitled to present the facts showing the joinder to be fraudulent." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (cleaned up). A defendant alleging fraudulent joinder carries a "heavy burden," as there is a "general presumption against

4

[finding] fraudulent joinder." Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (citation omitted). Indeed, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id. (citation omitted). "Fraudulent joinder must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted).

### 2. Whistleblower Retaliation

#### a. Stating a Claim

Plaintiff brings his whistleblower retaliation claim against Carlson under California Labor Code Section 1102.5, which provides in relevant part:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

Cal. Lab. Code § 1102.5(b).

Thus, to state a claim under Section 1102.5, Plaintiff must allege (1) he was retaliated against after (2) disclosing information which he had "reasonable cause to believe" related to a violation or noncompliance with a local, state, or federal rule

or law (3) to an "employee who has the authority to investigate, discover, or correct the violation or noncompliance." Id.

Plaintiff satisfies theses pleading requirements. Plaintiff was terminated after he allegedly disclosed information, which plausibly meets the first requirement of experiencing retaliation. See Compl. ¶ 65. Regarding disclosure of a legal violation, "an employee need not prove an actual violation of law; it suffices if the employer fired him for reporting his 'reasonably based suspicions' of illegal activity." Green v. Ralee Engineering Co., 19 Cal. 4th 66, 87 (1998) (citation omitted). Plaintiff alleges that a co-worker, Irene Damian, was negligent regarding her compliance with policies and procedures. Compl. ¶ 15. Plaintiff suspected Damian of "force balancing," which is when a teller "intentionally makes adjustments (overage or shortage) to their drawer at the end of the day if the ending balance is different from the actual cash in the teller's drawer to balance it." Id. ¶ 14. Plaintiff alleges that this practice "could result in embezzlement [or] theft." Id. Plaintiff informed Carlson about Damian's negligence and had weekly conversations with her about Damian's "willful ignorance of the policies and procedures." Id. ¶¶ 16, 18. Plaintiff thus reported reasonably based suspicions of illegal activity, which meets the second element of stating a claim under Section 1102.5. See Green, 19 Cal. 4th at 87. Finally, as for the third requirement, because Carlson is the HR Manager, see Compl. ¶ 4, Plaintiff presumably disclosed information to an "employee who has the authority to investigate, discover, or correct the violation or noncompliance." See Cal. Lab. Code § 1102.5(b).

6

Accordingly, Plaintiff states a plausible claim under Section 1102.5.

### b. Individual Liability

Defendants' only argument regarding the viability of Plaintiff's claim is that a non-employer individual, such as Carlson, cannot be held liable under Section 1102.5. Opp'n at 7-8. The statute was amended in 2013 to include the addition of "or any person acting on behalf of the employer" instead of referring solely to "[a]n employer." Cal. Lab. Code § 1102.5(b).

"Neither the California Supreme Court nor any intermediate appellate court appears to have considered whether the 2013 amendment expands liability for violations of § 1102.5 to permit claims for money damages against individual non-employers." Dawson v. Caregard Warranty Serv., Inc., No. 5:23-CV-01139-SB-SP, 2024 WL 661198, at *1 (C.D. Cal. Jan. 12, 2024). As Defendants point out, in the absence of controlling caselaw, numerous federal courts — including this Court — have held that individuals cannot be held liable under Section 1102.5(b). See Motion to Dismiss at 11, ECF No. 4 (citing Bales v. Cnty. of EL Dorado, No. 2:18-CV-01714-JAM-DB, 2018 WL 4558235, at *3 (E.D. Cal. Sept. 20, 2018)). However, the cases relied on by Defendants, including Bales, are not dispositive here given that these cases involved motions to dismiss, not a motion to remand focused on joinder. This distinction is important because a motion to dismiss requires a plaintiff to show that its claim is plausible. The Supreme Court held that this standard is satisfied where the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

7

Iqbal, 556 U.S. 662, 678 (2009). The Court explained that the plausibility standard "asks for more than a sheer possibility" that the defendant is liable. Id. As such, on motions to dismiss, courts analyzing Section 1102.5 claims against non-employer individuals have held that they cannot draw the reasonable inference that such individuals are liable under the statute.

For a motion to remand concerning fraudulent joinder, if a plaintiff shows "a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." See Hunter, 582 F.3d at 1046 (emphasis added) (citation omitted). Plaintiff here faces a lower burden on establishing joinder than surviving a motion to dismiss, and courts in this circuit routinely remand actions where a plaintiff has brought a claim under Section 1102.5 against a non-employer individual. Indeed, "more than a dozen courts considering motions to remand based on fraudulent joinder of individual defendants have determined that state law is unsettled following the 2013 amendment, such that 'as a matter of state law, it is not obvious whether a defendant can or cannot be found personally liable under § 1102.5.'" Dawson, 2024 WL 661198, at *1 (citing Moren v. Nat'l Express Transit, Inc., No. 121CV01206AWIJLT, 2021 WL 5602820, at *2 (E.D. Cal. Nov. 30, 2021) (collecting cases)).

Accordingly, this Court holds that because there is a "possibility" that a state court would hold Carlson individually liable under Section 1102.5, it "must find that the joinder was

proper and remand the case." See Hunter, 582 F.3d at 1046. As such, the Court need not determine whether Plaintiff states a harassment or defamation claim against Carlson, as the whistleblower retaliation claim alone requires remand. See id.

    C. <u>Sanctions for Failure to Comply with the Court's Order</u>

Plaintiff's Reply exceeded the Court's page limit. See Order re Filing Requirements at 1. Plaintiff's Reply was nine pages, and the filing requirements limit this brief to five pages and call for sanctions of $50 per page exceeding the limit. See id. Local Rule 110 authorizes the Court to impose sanctions for "failure of counsel or of a party to comply with . . . any order of the Court." Therefore, the Court sanctions Plaintiff's counsel, Erum Siddiqui, $200.

### III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's motion to remand.

Defendants' motion to dismiss at ECF No. 4 is DENIED AS MOOT.

The Clerk of the Court shall remand this matter to the Sacramento County Superior Court.

It is further ordered that within ten (10) days of this Order Plaintiff's counsel Erum Siddiqui shall pay sanctions of $200.00 to the Clerk of the Court.

IT IS SO ORDERED.

Dated: June 17, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE